The Honorable David Wyatt State Senator
159 Wyatt Lane Batesville, Arkansas 72501
Dear Senator Wyatt:
You have requested my opinion on the following questions concerning the board of trustees of the firemen's pension and relief fund in the City of Batesville[1]:
 1. Is the City Clerk considered to be a board member?
 2. If the answer to Question 1 is yes, is the City Clerk considered to be a voting member?
 3. Is the Mayor considered to be a voting member of the Board?
RESPONSE
In my opinion, the answer to each of your questions is "yes." The controlling statute, A.C.A. § 24-11-801 (Repl. 2009), plainly includes the City Clerk and Mayor in the board membership. In the absence of specific language in the statute limiting voting to certain members of the board, all the members of the board may vote, in my opinion. *Page 2 
 Question 1 — Is the City Clerk considered to be a boardmember?
The controlling statute, A.C.A. § 24-11-801(a)(2) (Repl. 2009), clearly makes the City Clerk a board member: "The board of trustees of every firemen's pension and relief fund established in a city . . . shall be composed of the following: . . . The city . . . clerk . . ., who shall serve as secretary of the board[.]".
Question 2 — If the answer to Question 1 is yes, is the CityClerk considered to be a voting member?
It is my opinion that the City Clerk is most likely a voting member of the board. One of my predecessors addressed this question, concluding that each board member listed in the relevant statute may vote: "In the absence of language limiting voting by members of the board, it appears that all of the members enumerated in [A.C.A. § 24-11-801(a)] may vote on matters pertaining to the pension fund." Op. Att'y Gen. 88-098. I agree with this conclusion. The statute never indicates that the City Clerk is a non-voting member. In my opinion, the absence of such statutory language is likely sufficient to permit the City Clerk to vote.
I agree with my predecessor's conclusion for two additional reasons. First, far from indicating that the City Clerk is a non-voting member, the relevant statute, construed as a whole, actually seems to indicate the City Clerk may vote. After specifying how the board is composed, the statute details the board's power to disburse funds: "The board thus created shall provide for the disbursement of the firemen's relief and pension fund and shall designate its beneficiaries as directed in this act."[2] "The board" is therefore vested with power and duty to take the prescribed action; and this reference to "the board" reasonably encompasses each person specified in subsection 24-11-801(a). Sections 24-11-802 and-803 contain similar references to the powers and duties of "the board."[3] *Page 3 
Secondly, the statute related to proceedings of the board — including voting — refers to "members," and I see no distinction between "the board" and "members of the board":
 (f) A majority of all the members of the board shall constitute a quorum and shall have the power to transact business.
 (g)(1) No money belonging to the fund shall ever be disbursed for any purpose without a vote of a majority of all the members of the board of trustees, which shall be taken by the "yeas" and "nays".
 (2) The vote of each member so voting shall be entered upon the proceedings of the board.[4]
It seems clear, in my opinion, that the "members of the board" are those persons specified in subsection 24-11-801(a), given that "the board" is tasked with disbursing funds and taking other action prescribed in sections 24-11-801 through-803. Therefore, in my opinion, the Clerk is likely a voting member.
One might argue that because the City Clerk is the "ex officio" secretary of the board, the Clerk cannot vote.[5] "Ex officio" means "by virtue or because of an office; by virtue of the authority implied by [an] office." Black's Law Dictionary
657 (Bryan A. Garner ed., 9th ed., West 2009). The term ex officio, standing alone, denotes no limitation on the clerk's participation in board proceedings.[6] As noted in Black's, supra, "an ex officio member is a voting member unless the applicable governing document provides otherwise." Had the legislature intended to limit voting by the Clerk, it could easily have done so.[7] *Page 4 
 Question 3 — Is the Mayor considered to be a voting member ofthe Board?
Each of the reasons set out above as to the City Clerk's voting power also applies to the Mayor's voting power.[8]
One might argue that the Mayor, as "chair," A.C.A. § 24-11-801(a)(1), is treated differently for voting purposes because the relevant statutes variously refer to the board's "chair" or "president" as distinct from the rest of the board.[9] In my opinion, however, this is not determinative for purposes of voting. I agree with my predecessor that in the absence of any language limiting voting by those comprising the board, each person specified in subsection 24-11-801(a) has a vote on matters pertaining to the fund. This includes the "chief executive," who serves as chair.
I am reinforced in this conclusion by the fact that the legislature on occasion has expressly limited voting by a governing body's chairman or president. For instance, the mayor in cities of the first class is "ex officio president of the city council" and he or she may vote when the "vote is needed to pass any ordinance, bylaw, resolution, order, or motion."[10] Similarly, the executive director of the Arkansas Livestock and Poultry Commission is ex officio secretary of the commission "but shall have no vote on matters coming before it."[11] Had the legislature intended to limit voting by those comprising the board under A.C.A. § 24-11-801, it could easily have done so in like manner. *Page 5 
In sum, therefore, it is my opinion that both the City Clerk and the Mayor are voting members of the board of trustees of the firemen's pension and relief fund established in a city, such as the City of Batesville.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] As background for your questions, you make reference to "cities with fire districts that utilize a local [firemen's pension and relief] plan. . . ." The term "fire districts" is a little unclear and might suggest that the firemen's pension and relief fund at issue is one that has been established in a fire protection district. It is my understanding, however, that there actually is no "fire protection district." Instead, the City has a fire department; and I assume that the pension and relief fund is one that has been established in the City for the department.
[2] A.C.A. § 24-11-801(b).
[3] E.g. A.C.A. §§ 24-11-802(e)(2) ("The Board shall direct payment. . . .") and-803(b) ("The board shall have the power to accept and disburse . . . all sums which may come into its hands. . . .").
[4] A.C.A. § 24-11-802 (Repl. 2002) (emphasis added).
[5] See A.C.A. § 24-11-801(h).
[6] Cf. Op. Att'y Gen. 96-063 (opining that an ex officio member of a county hospital board "is no less a member, for purposes of [the open meeting provisions of the Arkansas Freedom of Information Act], than one who has been elected, appointed, or otherwise chosen to be a member independently, without regard to any other status or position.")
[7] Compare A.C.A. § 24-4-104(d)(2) (Repl. 2000) (regarding executive director of the Arkansas Public Employees' Retirement System, who "shall also be ex officio secretary of the board, but who shall have no vote on questions before the board. . . ."); A.C.A. § 17-102-201(a)(4) (Supp. 2009) (providing for an ex officio member of the Arkansas State Board of Acupuncture and Related Techniques, who "shall have no vote, shall not serve as an officer of the board, and shall not be counted to establish a quorum or a majority necessary to conduct business.").
[8] The Mayor is on the board because he or she is the City's "chief executive": "The board of trustees of every firemen's pension and relief fund established in a city . . . shall be composed of the following: . . . [t]he chief executive, who shall serve as chair of the board[.]". A.C.A. § 24-11-801(a)(1). See also
A.C.A. § 14-43-504(a) (Repl. 2000): "The mayor of the city shall be its chief executive officer. . . .".
[9] E.g. A.C.A. § 24-11-802(a) ("Meetings of the board of trustees may be called by the chair or by a majority of the members. . . ."); A.C.A. § 24-11-803(a)(1)(B) ("Its president or any member of the board may administer oaths. . . .").
[10] A.C.A. § 14-43-501(b)(1) (Supp. 2009).
[11] A.C.A. § 2-33-103(a)(2) (Repl. 2008) *Page 1